```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
JOSE ANTONIO JIMENEZ and INMACULADA                                    :
JIMENEZ,                                                               :
                                                                       :
                        Plaintiffs,                                    :      23-cv-3140 (LJL)
                                                                       :
        -v-                                                            :      ORDER
                                                                       :
CANADA MANIC TRANSPORT, INC. and CIRCE                                 :
NORMAND,                                                               :
                                                                       :
                        Defendants.                                    :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/23/2024

LEWIS J. LIMAN, United States District Judge:

The parties have jointly requested that the Court remand this action to state court in light of the fact that a passenger in the vehicle driven by Plaintiff has filed an action in state court that involves the same parties and arises out of the same accident as this action. Dkt. No. 24. Section 1447(c) contemplates motions to remand based on lack of subject matter jurisdiction and defects other than subject matter jurisdiction. 28 U.S.C. Section 1447(c). It does not appear to contemplate motions made on bases other than a defect or an absence of subject matter jurisdiction and, in any event, motions to remand based on a defect must be made within thirty days of the notice of removal. *Id.* Courts in this District have held that a plaintiff cannot achieve a remand based on lack of subject matter jurisdiction by the contrivance of reducing the demand sought by the complaint below the amount-in-controversy requirement. *See, e.g.*, *Flynn v. Schwan's Consumer Brands Inc.*, 2015 WL 4560870 (S.D.N.Y. July 27, 2015). Accordingly, while the Court is sympathetic to the request, the parties must address whether the Court possesses the authority to grant it. In the alternative, the parties should address whether the

objective they seek can be achieved by other means, such as dismissing this case and refiling in state court (accompanied by, if needed, the agreement of defendant not to raise any defense based on statute of limitations).  A joint letter brief shall be filed on ECF no later than March 1, 2024.

    SO ORDERED.

Dated: February 23, 2024  
       New York, New York                                 LEWIS J. LIMAN  
                                                          United States District Judge